UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

———————————————————X

Mark Garnes,                                    :

      Plaintiff,                            :                    **MOTION OF EXTENSION OF TIME
                                                                        TO FILE COMPLAINT**

                                :

                                :                    **EEOC Charge No: 520-2019-01431:
                                                                        PRO SE**

         -against-                         :

Pritchard Industries, Inc.,                     :

          Defendants.                 :

———————————————————X

**NOW COMES**, Mark Garnes, Pro Se, pursuant to Rules 6(a) and 7(a) of the Federal Rules of Civil Procedure, respectfully moves this Honorable Court for an **Order for Extension of Time** to file a Complaint subsequent to the Equal Employment Opportunity Commission's ("EEOC") "Right to Sue" Letter (Attached).

      Plaintiff reasons here in light of the global emergency and here now effecting procedural operations judicially and otherwise. This instant matter warrants an extension of time due to the restrictions and closures and/or minimally openings on various entities relevant for Plaintiff to perfect the Complaint for filing with the Honorable Court within the statute of limitations. Such being 90 Days from the date of the EEOC's "Right to Sue" Letter thereof January 27th, 2020.

This extension is requested due to the COVID – 19 crisis and pandemic affecting the procedural processes of the United States District Courts nationally and herewith the Eastern District of New York as well the Second Circuit. Here also, the Eastern District of New York has outlined guidance for the procedural processes of federal court activities. **See Attached.**

Plaintiff seeks an Extension of Time thereto May 27th, 2020, reasoning here the State of New York's COVID – 19 plans extends to May 15th, 2020. In that, Plaintiff makes this Notice of Motion and Motion for an Extension of Time pursuant to Rule 6(a) and 7(a)(1) accordingly.

For the reasons set forth herein, Plaintiff prays the Honorable Court here Grant the Motion for an Extension of Time to file the **COMPLAINT** pursuant to Rule 7(a) of the Federal Rules of Civil Procedures accordingly.

Respectfully submitted,

Mark Garnes – Pro Se

DATED: April 23rd, 2020
Brooklyn, New York

Sworn to before me this _____ 23rd _____ day of April 2020.

Notary Public

LILLIAN BOWMAN
Notary Public - State of New York
NO: 01BO4977472
Qualified in Kings County
My Commission Expires Feb 4, 2023

2

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

————————————————————X

Mark Garnes,                                      :

                    Plaintiff,               :

                                             :          **AFFIRMATION OF SERVICE**

          -against-                          :          **EEOC Charge No: 520-2019-01431**
                                                        **PRO SE**

                                             :

Pritchard Industries, Inc.,                  :

                    Defendants.              :

————————————————————X

I, Mark Garnes, Pro Se, declare under the Penalty of Perjury that I have forwarded and

served a copy of the attached **NOTICE OF MOTION FOR AN EXTENSION OF TIME** and **MOTION**

**FOR AN EXTENSION OF TIME** upon Defendant, Pritchard Industries, Inc., via Defendant's

counsel, GreenbergTraurig and the Office of Equal Employment Opportunity Commission,  by

mailing It on April 23rd, 2020 whose addresses are as follows:

Jerold Goldberg                         Kevin Berry, District Director
GreenbergTraurig                        Office of Equal Employment Opportunity Commission
MetLife Building                        33 Whitehall Street, 5th Floor
200 Park Ave.                           New York, New York 10004-2112
New York, New York 10166

Brooklyn, New York
April 23rd, 2020

_____
Mark Garnes – Pro Se

Sworn to before me this 23rd day of May 2020.

_____
Notary Public

LILLIAN BOWMAN
Notary Public - State of New York
NO. 01BO4977472
Qualified in Kings County
My Commission Expires Feb 4, 2023

# EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## "RIGHT TO SUE"
## LETTER



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street, 5th Floor
New York, NY 10004-2112
District Office: (212) 336-3620
TTY (212) 336-3622

Mark Garnes
P.O. Box 160363
Brooklyn, NY 11216

Re:     EEOC Charge No. 520-2019-01431
        Garnes v. Pritchard Industries Inc.

Dear Mr. Garnes:

The Equal Employment Opportunity Commission (hereinafter referred to as the "Commission"), has reviewed the above-referenced charge according to our charge prioritization procedures. These procedures, which are based on a reallocation of the Commission's staff resources, apply to all open charges in our inventory and call for us to focus our limited resources on those cases that are most likely to result in findings of violations of the laws we enforce.

In accordance with these procedures, we have evaluated your charge based upon the information and evidence you submitted.  Based on this evaluation, we can not conclude that you were subjected to an adverse employment action motivated by discriminatory animus as defined by Commission guidelines and federal law.  Therefore, your charge will be dismissed.

Attached is your Dismissal and Notice of Rights.  If you wish to pursue this matter further in federal court, your lawsuit must be filed within 90 days of your receipt of the Notice.

Sincerely.

_Ophelia Germos_    For

Kevin Berry
District Director

1-27-2020
Date

enc.

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To:   **Mark Garnes**
      **P.O. Box 160363**
      **Brooklyn, NY 11216**

From:   **New York District Office**
        **33 Whitehall Street**
        **5th Floor**
        **New York, NY 10004**

☐   *On behalf of person(s) aggrieved whose identity is*
    *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **520-2019-01431** | **Orfelino Genao,**<br>**Investigator** | **(929) 506-5335** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒   The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☐   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐   Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):**  EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Judy Keenan* (signature)

**Judy A. Keenan,**
**District Director**

1-27-2020

*(Date Mailed)*

Enclosures(s)

cc:

**PRITCHARD INDUSTRIES INC**
**400 Park Ave.**
**New York, NY 10022**

Enclosure with EEOC
Form 161 (11/16)

**INFORMATION RELATED TO FILING SUIT
UNDER THE LAWS ENFORCED BY THE EEOC**

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

PRIVATE SUIT RIGHTS   --   **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),
the Genetic Information Nondiscrimination Act (GINA), or the Age
Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within
90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-
day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to
consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell
him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely
manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as
indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate
State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide
after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short
statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of
your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the
charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include
any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters
alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in
some cases can be brought where relevant employment records are kept, where the employment would have
been, or where the respondent has its main office. If you have simple questions, you usually can get answers from
the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint
or make legal strategy decisions for you.

PRIVATE SUIT RIGHTS   --   **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back
pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For
example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit
before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA
suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.
Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA
claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

ATTORNEY REPRESENTATION   --   **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction
in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be
made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your
efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above,
because such requests do not relieve you of the requirement to bring suit within 90 days.

ATTORNEY REFERRAL AND EEOC ASSISTANCE   --   **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any
questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to
inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide
your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files
are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge
file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be
made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***

## FACTS ABOUT FILING
## AN EMPLOYMENT DISCRIMINATION SUIT
## IN FEDERAL COURT IN NEW YORK STATE

You have received a document which is the final determination or other final action of the Commission. This ends our handling of your charge. The Commission's action is effective upon receipt. Now, you must decide whether you want to file a private lawsuit in court. This fact sheet answers several commonly asked questions about filing a private lawsuit.

## WHERE SHOULD I FILE MY LAWSUIT?

Federal District Courts have strict rules concerning where you may file a suit. You may file a lawsuit against the respondent (employer, union, or employment agency) named in your charge. The appropriate court is the district court which covers either the county where the respondent is located or the county where the alleged act of discrimination occurred. However, you should contact the court directly if you have questions where to file your lawsuit. New York State has four federal districts:

- The United States District Court for the Southern District of New York is located at 500 Pearl Street in Manhattan. It covers the counties of Bronx, Dutchess, New York (Manhattan), Orange, Putnam, Rockland, Sullivan, and Westchester. (212) 805-0136 http://www.nysd.uscourts.gov

- The United States District Court for the Eastern District of New York is located at 225 Cadman Plaza in Brooklyn and covers the counties of Kings (Brooklyn), Nassau, Queens, Richmond (Staten Island), and Suffolk. (718) 613-2600 http://www.nyed.uscourts.gov

- The United States District Court for the Western District of New York is located at 68 Court Street in Buffalo. It covers the counties of Allegheny, Cattaraugus, Chautauqua, Chemung, Erie, Genesee, Livingston, Monroe, Niagara, Ontario, Orleans, Schuyler, Seneca, Steuben, Wayne, Wyoming, and Yates. (716) 551-4211 http://www.nywd.uscourts.gov

- The United States District Court for the Northern District of New York is located at 100 South Clinton Street in Syracuse and covers the counties of Albany, Broome, Cayuga, Chanango, Clinton, Columbia, Cortland, Delaware, Essex, Franklin, Fulton, Greene, Hamilton, Herkimer, Jefferson, Lewis, Madison, Montgomery, Oneida, Onandaga, Oswego, Otsego, Rensselaer, St. Lawrence, Saratoga, Schenectady, Schoharie, Tioga, Tompkins, Ulster, Warren, and Washington. This District Court's pro Se Attorney has offices at 10 Broad Street in Utica New York. (315) 234-8500 http://www.nynd.uscourts.gov

## WHEN MUST I FILE MY LAWSUIT?

Your private lawsuit must be filed in U.S. District Court within 90 days of the date you receive the enclosed EEOC Notice of Right to Sue. Otherwise, you will have lost your right to sue.

(Over)

## DO I NEED A LAWYER?

No, you do not need a lawyer to file a private suit.  You may file a complaint in federal court without a lawyer which is called a pro se complaint.  Every district court has either a clerk or staff attorney who can assist you in filing pro se.  To find out how to file a pro se complaint, contact the clerk of the court having jurisdiction over your case who can advise you of the appropriate person to assist you and of the procedures to follow, which may vary from district to district.

You may, however, wish to retain a lawyer if you choose. Whether you retain a private attorney, or file pro se, you must file your suit in the appropriate court within 90 days of receiving this mailing.

## WHAT IF I WANT A LAWYER BUT I CAN'T AFFORD ONE?

If you can't afford a lawyer, the U.S. District Court which has jurisdiction may assist you in obtaining a lawyer.  You must file papers with the court requesting the appointment of counsel. You should consult with the office of the district court that assists pro se complainants for specific instructions on how to seek counsel.  The appointment of counsel in any pro se complaint is always at the discretion of the court.

Generally, the U.S. District Court charges a $350.00 filing fee to commence a lawsuit.  However, the court may waive the filing fee if you cannot afford to pay it.  You should ask the office of the District Court that assists pro se complainants for information concerning the necessary procedure to request that the filing fee be waived.

## HOW CAN I FIND A LAWYER?

These are several attorney referral services operated by bar or other attorney organizations which may assist you in finding a lawyer and ascertaining and asserting your legal rights:

American Bar Association
(800) 285-2221  www.abanet.org

New York State Bar Association
(800) 342-3661  www.nysba.org

New York City Bar Association
Legal Referral Service
(212) 626-7373

National Employment Lawyers Association
Referral Service  (212) 819-9450
http://www.nelany.com/EN

Other local Bar Associations in your area may also be of assistance.

## HOW LONG WILL THE EEOC RETAIN MY CASE FILE?

Generally, the Commission's rules call for your charge file to be destroyed  2 years from the date of a determination, but time frames may vary.  If you file suit and wish to request a copy of your investigative file, you or your attorney should make the request in writing as soon as possible. If you file suit, you or your attorney should also notify this office when the lawsuit is resolved.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

# COVID – 19 GUIDELINES FOR THE SOUTHERN DISTRICT OF NEW YORK

# COVID-19 Policies from the Courts, ADR Forums and Regulators

- Email
- Twitter
- Facebook
- Linkedin

**Updated: April 21, 2020**

Below is a list of resources detailing responses to the coronavirus disease (COVID-19) by New York state and New York federal courts, alternative dispute resolution forums, and certain regulators. We will update these materials as new information is made available. For the most up-to-date information, please visit an entity's COVID-19 response page, where applicable, or its general website to check for new announcements. You can also visit Kramer Levin's Coronavirus Pandemic Legal Survival Guide for further updates.

You are encouraged to subscribe to our alerts to receive updates in your inbox.

| Court / Entity | Current Status / COVID-19 Policy |
|---|---|
| **Federal Courts** | |
| U.S.D.C., E.D.N.Y. | <ul><li>All jury trials scheduled to begin before April 27, 2020, are continued until further notice. Compliance with all trial-related deadlines is at the discretion of the presiding judge. (Administrative Order 2020-06).</li><li>Individual judges may continue to hold hearings, conferences and bench trials but are strongly encouraged to conduct proceedings by telephone or video conference where practicable and/or adjourn matters or deadlines, or stay litigation, where in-person meetings, interviews, depositions or travel would be necessary to prepare for any such proceeding. (Administrative Order 2020-06).</li><li>The Court has ordered that, effective March 30, 2020, judges are authorized to conduct criminal proceedings by telephone and videoconference. The authorization is pursuant to the CARES Act and valid for 90 days, through Sunday, June 28, 2020. (Administrative Order 2020-13).</li><li>The Court has ordered the wardens of certain prisons to submit a weekly status report detailing the incidence of COVID-19 infection at their facility, and what measures they are taking to mitigate the spread of</li></ul> |

1

| | |
|---|---|
| | COVID-19. (<u>Administrative Order 2020-14</u>).<br>• The period for service of a complaint is extended for cases where the United States Marshall would under ordinary circumstances be appointed to serve. In all cases filed on or after March 18, 2020, any requirement that the Marshal accomplish service is suspended, and the time from March 18, 2020 through April 27, 2020 is, pursuant to Fed. R. Civ. P. 4(m), excluded from the 90-day period to accomplish service. (<u>Administrative Order 2020-12</u>).<br>• Access to the courthouses will be restricted to those with "official business." (<u>Administrative Order 2020-08</u>). |
| U.S.D.C., S.D.N.Y. | <u>S.D.N.Y. Response to COVID-19</u>, <u>ECF Rules & Procedures (includes COVID-19 related updates)</u><br><br>• The Court will operate on a limited basis with most employees working remotely until further notice and at least through the May 16, 2020 expiration of <u>New York Executive Order 202.18</u> (see below). (<u>Standing Order 20-mc-196</u>). The Court now issues periodic Operations Updates that provide guidance on the court's operations; the current <u>Operations Update</u> is effective from April 13 to May 4. The Clerk's Office has informed us that these Operations Updates are intended to supersede <u>Updated Operating Protocols ("UOP")</u> issued March 20.<br>• Effective April 13 to May 4, the courthouses will be operating as follows:<br>   ○ The Moynihan Courthouse (500 Pearl) will be the locus of activity for the S.D.N.Y. The courthouse will be open only to hear urgent criminal matters and matters in which a temporary restraining order is sought pursuant to <u>Rule 65(b) of the Federal Rules of Civil Procedure</u>. (<u>Operations Update</u>). The Court will temporarily accept emergency applications via ECF (details below). (<u>Notice</u>). Public entrance to the courthouse will be through the Worth Street entrance only. (<u>Notice</u>).<br>   ○ The Thurgood Marshall Courthouse (40 Foley) is closed for S.D.N.Y. business, and is subject to the order of the United States Court of Appeals for the Second Circuit for appellate operations. |

(Standing Order 20-mc-196, <u>Operations
Update</u>).

- ○  The Brieant Courthouse (White Plains) will be
open for emergency civil applications and have
one person on staff in the clerk's office. The
Court requests that litigants call in advance to
notify staff that they will be dropping off an
application.  The drop box will be open, but
may not be checked daily.  (<u>Operations
Update</u>).

- Effective April 1, applications for emergency relief are
not required to be submitted in person, although the
Moynihan Courthouse will accept them. The Court has
temporarily approved electronic filing of emergency
applications.  (<u>Notice</u>, <u>ECF Rules & Instructions
(Updated 4/1/2020)</u>, direct link to <u>Temporary
Addendum re Emergency Applications</u>).

- All civil and criminal jury trials have been suspended
until further notice. (<u>Standing Order 20-mc-197</u>).

- Compliance with all trial-specific deadlines in civil and
criminal cases shall be at the discretion of the presiding
judge. (<u>Standing Order 20-mc-196</u>).

- Individual judges may continue to hold hearings,
conferences and bench trials by telephone or video
conference and are strongly encouraged to do so where
practicable. (<u>Standing Order 20-mc-196</u>). The Court
has instructed individual judges to post any orders of
general applicability to <u>their individual web pages</u>.  The
Court is unable to docket these orders of general
applicability in each individual open case.  (<u>Operations
Update</u>).

- The period from March 16 to June 15 will be excluded
from computation of time under the Speedy Trial Act,
absent further order from the court or from an
individual judge. Any individual criminal defendant
may request an exception by motion, but no exception
will be granted without the approval of the Chief Judge
after consultation with the assigned judge. (<u>Standing
Order 20-mc-196</u>, <u>Standing Order 20-mc-154</u>).

- The Court has issued several orders that allow criminal
proceedings to proceed remotely:

- ○  Effective March 30, 2020, judges are authorized
to conduct criminal proceedings by telephone
and videoconference. The authorization is
pursuant to the CARES Act and is valid until

3

> further notice.  (<u>Standing Order 20-mc-176</u>).
> - The Court has created two forms for use in remote criminal matters: (1) <u>Waiver of Right to be Present at a Criminal Proceeding</u>; and (2) <u>Consent to Proceed by Videoconference</u>.
> - Pretrial reports will be disseminated by email for initial presentments and any hearings that involve bail, including violations, until further notice. (<u>Standing Order 20-mc-180</u>).
> - On March 27, the Court suspended Local Rule 6, which provides for the assignment of judges in criminal cases by the duty magistrate. Until further notice, judge assignments in criminal cases will be performed by staff of the Clerk's Office.  (<u>Standing Order 20-mc-173</u>).

- Court reporting services will be provided remotely and should be requested through the court officer.  (<u>Operations Update</u>).
- On March 24, 2020, the Court released guidelines for participants in remote proceedings where a court reporter is present. (<u>Guidance Memo</u>).
- The Court will accept filings by email from pro se litigants who do not have electronic filing privileges until further notice. Pro se parties who do not have access to electronic communications may continue to submit filings by mail or through the drop box. (<u>Standing Order 20-mc-179</u>).  The Court's ECF Rules & Instructions have been updated to reflect these procedures.  (<u>Temporary Addendum re Pro Se Electronic Filing</u>).
- Access to the courthouses will be restricted to those with "official business." Individuals who have been diagnosed with, or are at high risk for developing, COVID-19 will be denied entry.  Information on how to contact the Court if you are unable to attend a required appearance due to the above restrictions is included in the order.  (<u>Standing Order 20-mc-138 (Amended)</u>).
- Any courtesy copies should be deposited in the drop box at the Moynihan Courthouse.  The Court will empty the drop box daily, but mail distribution within the courthouse, for both drop box deliveries and mailings to the courthouse, will be limited to once per week.  (<u>Operations Update</u>).

4

Mark Barnes
P. O. Box 160363
Brooklyn, N.Y.
11216



CERTIFIED MAIL

7016 0340 0000 3251 4457





U.S. POSTAGE PAID
NEW US ENV
NEW YORK, NY
10005
MAY 01 20
AMOUNT
$6.35
R2303S104389-14



RECEIVED
MAY 18 2020
PRO SE OFFICE



USM P3
SDNY

RECEIVED
MAY 14 2020
CLERK'S OFFICE
S.D.N.Y.

United States District Court
Southern District of New York
500 Pearl Street
New York, N.Y.
10007