UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARK GARNES,

                        Plaintiff,

-v-

PRITCHARD INDUSTRIES, INC.,

                        Defendant.

CIVIL ACTION NO.: 20 Civ. 3843 (PAE) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

## I. INTRODUCTION

Plaintiff, who is appearing pro se, brings this action asserting claims of employment discrimination. (ECF No. 7 at 10–45). On August 4, 2022, the Court granted Plaintiff's third amended request to proceed in forma pauperis ("IFP"), that is, without prepayment of fees. (See ECF No. 26).[1]

## II. DISCUSSION

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service (the "U.S. Marshals") to effect service.[2] Walker v. Schult, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); see also 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (instructing that the court "must" order the U.S. Marshals to serve "if the plaintiff is authorized to proceed" IFP).

---

[1] The Honorable Colleen McMahon previously denied Plaintiff's IFP applications (see ECF Nos. 10, 12).
[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, (see Fed. R. Civ. P. 4(m)), here, the Court extends the time to serve until 90 days after the date the summons is issued.

To allow Plaintiff to effect service on Defendant Pritchard Industries, Inc. ("Pritchard") through the U.S. Marshals, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return Form ("USM-285 Form") for Pritchard. The Clerk of Court is further instructed to issue an amended summons and deliver to the U.S. Marshals all the paperwork necessary for the U.S. Marshals to effect service upon Pritchard.

If the complaint is not served within 90 days after the date the amended summons is issued, Plaintiff should request an extension of time for service.  See Meilleur v. Strong, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

### III.  CONCLUSION

The Clerk of Court is instructed to complete the USM-285 Form with the address for Pritchard below and deliver to the U.S. Marshals all documents necessary to effect service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

Dated:   October 3, 2022                           SO ORDERED.
         New York, New York

_____
SARAH L. CAVE
United States Magistrate Judge

**DEFENDANTS AND SERVICE ADDRESSES**

Pritchard Industries, Inc.
150 East 42nd Street, 7th Floor
New York, NY 10017