UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
        :
MARK GARNES,        :
        :
                              Plaintiff,        :        20 Civ. 3843 (PAE) (SLC)
            -v-        :
        :        <u>OPINION & ORDER</u>
PRITCHARD INDUSTRIES, INC.,        :
        :
                            Defendant.        :
        :
------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

    *Pro se* plaintiff Mark Garnes ("Garnes") brings claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, and for breach of contract, against his former employer, defendant Pritchard Industries, Inc ("Pritchard"). *See* Dkt. 7 ("Amended Complaint"). Pritchard moves to dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) as time-barred and for failure to state a claim on which relief can be granted, or, in the alternative, to compel Garnes to arbitrate his claims and to stay or dismiss this action pending arbitration. Dkt. 33 (the "Motion"). Garnes opposes the Motion. Dkt. 47.

    Before the Court is the May 23, 2023 Report and Recommendation of the Hon. Sarah L. Cave, United States Magistrate Judge, recommending that the Court (1) grant the motion insofar as it seeks to compel Garnes to arbitrate Title VII claims; and (2) stay the entire action, including a non-arbitrable breach of contract claim. Dkt. 50 ("Report").[1] The Court incorporates by

---

[1] Judge Cave's Report alternatively makes recommendations as to the disposition of various claims should the motion to compel arbitration be denied. Because the Court grants the motion to compel arbitration, the decision does not review—or comment upon—the alternative recommendations.

reference the summary of the facts provided in the Report. For the following reasons, the Court adopts these recommendations to compel arbitration and to stay the case.

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g., Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

As no party has submitted objections to the Report, review for clear error is appropriate. Careful review of Judge Cave's thorough and well-reasoned Report reveals no facial error in its conclusions; the Report is therefore adopted in its entirety. Because the Report explicitly states that "failure to object within fourteen (14) days will result in a waiver of objections and will preclude appellate review," Report at 31, the parties' failure to object operates as a waiver of appellate review. *See Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008) (citing *Small v. Sec'y of Health & Hum. Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)).

## CONCLUSION

For the foregoing reasons, the Court compels Garnes to arbitrate his Title VII claims, and that the entire case—including the breach of contract claim—be stayed pending arbitration. The Court respectfully directs the Clerk to mail a copy of this decision to plaintiff at the address on file.

2

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: June 13, 2023
       New York, New York