UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARK GARNES,

                Plaintiff,

-v-

PRITCHARD INDUSTRIES, INC.,

                Defendant.

MARK GARNES,

                Plaintiff,

-v-

PRITCHARD INDUSTRIES, INC.,

                Defendant.

CIVIL ACTION NOS.: 20 Civ. 3843 (PAE) (SLC)
22 Civ. 10674 (PAE) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

This Order concerns two cases brought by pro se Plaintiff Mark Garnes ("Mr. Garnes") alleging discrimination and other claims against his former employer, Defendant Pritchard Industries, Inc. ("Pritchard"). See Garnes v. Pritchard Indus., Inc., No. 20 Civ. 3843 (PAE) (SLC) (S.D.N.Y. filed May 18, 2020) ("Garnes I"); Garnes v. Pritchard Indus., Inc., No. 22 Civ. 10674 (PAE) (SLC) (S.D.N.Y. filed Dec. 16, 2022) ("Garnes II").[1] Pritchard filed motions to compel arbitration in both cases, which the Court granted in relevant part. (See Garnes I, ECF Nos. 50; 52; Garnes II, ECF Nos. 19; 22). See Garnes v. Pritchard Indus., Inc., No. 22 Civ. 10674 (PAE) (SLC),

---

[1] Although not addressed in this Order, Mr. Garnes has also filed two other actions in this Court against Pritchard. See Garnes v. Pritchard Indus., Inc., No. 23 Civ. 6699 (PAE) (SLC) (S.D.N.Y. filed July 28, 2023); Garnes v. Pritchard Indus., Inc. and Loc. 32BJ SEIU, No. 23 Civ. 10707 (PAE) (SLC) (S.D.N.Y. filed Dec. 7, 2023).

2023 WL 5811038, at *2 (S.D.N.Y. July 25, 2023), adopted by 2023 WL 5744466 (S.D.N.Y. Sept. 6, 2023); Garnes v. Pritchard Indus., Inc., No. 20 Civ. 3843 (PAE) (SLC), 2023 WL 3980693, at *2–4 (S.D.N.Y. May 23, 2023), adopted by, 2023 WL 3977882 (S.D.N.Y. June 13, 2023).  Accordingly, Mr. Garnes was compelled to arbitrate his discrimination claims in both cases, and the cases were stayed pending arbitration.  (See Garnes I, ECF No. 52 at 2; Garnes II, ECF No. 22 at 4).

On December 13, 2023, the Court ordered the parties to file a joint status letter in Garnes I reporting on the status of the arbitration.  (Garnes I, ECF No. 53).  In response, Pritchard filed a letter stating that Mr. Garnes' union, Service Employees International Union, Local 32BJ (the "Union") had declined to arbitrate Mr. Garnes' discrimination claims, and that Mr. Garnes had elected not to initiate arbitration as required under the applicable collective bargaining agreements (the "CBAs").  (Garnes I, ECF Nos. 54; 54-1).  Mr. Garnes responded that the Union had declined to arbitrate his claims and that he would not do so on his own initiative because he did not have the "means[] monetarily" to do so.  (Garnes I, ECF No. 55).  Pritchard filed a reply letter noting that, under the CBAs, "even where the individual is proceeding individually and not via the Union, the cost of mediation . . . is covered by the Union and the Realty Advisory Board on Labor Relations . . . , and the arbitrator's fees are covered solely by the [e]mployer."  (Garnes I, ECF No. 56).

On January 2, 2024, the Court ordered Mr. Garnes to show cause in Garnes I by January 16, 2024 as to why:  (i) the stay should not be lifted, (ii) his discrimination claims should not be dismissed, and (iii) the Court should not set a deadline for him to file a Second Amended Complaint with respect to the nonarbitrable claims only.  (Garnes I, ECF No. 57 at 4 (the "OTSC")).  The OTSC warned Mr. Garnes, in bold and capitalized typeface, that "the failure to respond to this

2

Order to Show Cause by January 16, 2024 may result in the Court issuing a recommendation to Judge Engelmayer to dismiss all or part of this case, with or without prejudice." (Id.) On January 31, 2024, over two weeks past Mr. Garnes' deadline, he filed a letter in response to the OTSC. (Garnes I, ECF No. 58). Mr. Garnes asserts that, having learned that he is not required to pay for the bulk of the costs and fees associated with arbitrating his claims, he now plans to arbitrate on his own initiative. (Id. at 1 ("in light of this fact, the employer's liability to cover cost for arbitration being a burden Plaintiff is not to endure, this matter of arbitration shall be pursued accordingly")).

Accordingly, based on Mr. Garnes' representation that he plans to arbitrate his discrimination claims, the Court deems the OTSC to be satisfied. Mr. Garnes shall **promptly** take the necessary steps to initiate arbitration, and the stays in Garnes I and Garnes II shall remain in effect pending completion of the arbitration. By **March 6, 2024**, the parties shall meet and confer and file a joint letter in Garnes I concerning the status of the arbitration. Thereafter, unless the Court orders otherwise, the parties shall meet and confer and file a further joint letter in Garnes I concerning the status of the arbitration **every 30 days** until the arbitration is completed.

Dated:   New York, New York          SO ORDERED.
         February 5, 2024

_____
SARAH L. CAVE
United States Magistrate Judge

3