UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                    :
   MARK GARNES,                                     :
                                                    :
                              Plaintiff,            :     20 Civ. 3843 (PAE) (SLC)
                    -v-                             :
                                                    :     OPINION & ORDER
   PRITCHARD INDUSTRIES, INC.,                      :
                                                    :
                              Defendant.            :
                                                    :
------------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

In this action, *pro se* plaintiff Mark Garnes brings various claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, and 42 U.S.C. § 1981 against his former employer, defendant Pritchard Industries, Inc. ("Pritchard"). Dkt. 7 ("First Amended Complaint" or "FAC"). On June 13, 2023, the Court, upon the report and recommendation of the Hon. Sarah L. Cave, United States Magistrate Judge, held that Garnes was required to arbitrate his discrimination claims, and stayed this case pending arbitration. Dkt. 52.

Between December 2023 and February 2024, with no action from Garnes in the interim to initiate arbitration, Judge Cave repeatedly ordered Garnes to show cause why his claims should not be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b). Dkts. 57, 59, 62, 63. Each time, Garnes either failed to respond, or pledged to initiate arbitration, but failed to follow through. Dkts. 58, 61. Now before the Court is the March 29, 2024 report and recommendation from Judge Cave that recommends the Court dismiss this action without prejudice for failure to prosecute. Dkt. 64 ("Report"). On April 18, 2024, Garnes timely filed objections to the Report. Dkt. 66 ("Pl. Br."). That same day, Pritchard filed a response to those

objections. Dkt. 67 ("Def. Br."). For the following reasons, the Court adopts Judge Cave's report in full.

## DISCUSSION

After a magistrate judge has issued a Report and Recommendation, a district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To accept the portions of a report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *Acevedo v. Lempke*, No. 10 Civ. 5285 (PAE) (HBP), 2014 WL 4651904, at *3 (S.D.N.Y. Sept. 17, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)). When a timely and specific objection has been made, the court is obligated to review the contested issues *de novo*. *See id.*; Fed. R. Civ. P. 72(b)(3); *Hynes v. Squillace*, 143 F.3d 653, 656 (2d Cir. 1998). When a *pro se* plaintiff files objections, those objections "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (cleaned up).

Garnes' objections, construed liberally, challenge the Report on two grounds. First, Garnes objects to dismissal because he thought he "was unable to afford" to initiate arbitration when the Court stayed this action in June 2023, and did not realize at the time "that such expense" would be paid by his former employer, Pritchard. Def. Br. at 3. That argument fails. Garnes was told on several occasions that he would not have to pay to initiate arbitration. On December 29, 2023, for instance, Pritchard stated as much in a filing reporting Garnes' failure to arbitrate his claims in this case. It wrote: "Under the Discrimination Protocol, even where the individual is proceeding individually and not via the Union, the cost of mediation (which step is

2

required prior to the arbitration under the Protocol) is covered by the Union and the Realty Advisory Board on Labor Relations (the multiemployer association representing employers), and the arbitrator's fees are covered solely by the Employer." Dkt. 56. On January 2, 2024, Judge Cave reiterated the point, telling Garnes that "his financial status" is not "relevant to his obligation to arbitrate under the CBA, particularly given that the CBA provides that the employer alone bears the cost of an arbitrator." Dkt. 57. That was now more than four months ago, yet Garnes has not initiated arbitration. And Judge Cave expressly warned Garnes that "any continued failure to comply with the Court's Orders—including this Order—may result in sanctions being assessed against him, including but not limited to a recommendation to the Honorable Paul A. Engelmayer to dismiss this case for failure to prosecute under Federal Rule of Civil Procedure 41(b)." Dkt. 61. Garnes cannot now credibly claim to be surprised that such a recommendation has come to pass.

Second, Garnes argues that he "has maintained contact with Defendant's counsel," that he has endeavored to act with "due diligence" in pursuing arbitration, and that he should he held to a "less stringent standard" as a *pro se* litigant. Def. Br. at 2–3. "It is well established that a court is ordinarily obligated to afford a special solicitude to pro se litigants." *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010). But that special solicitude has limits. "[W]hile pro se litigants may in general deserve more lenient treatment than those represented by counsel, all litigants, including *pro ses*, have an obligation to comply with court orders." *McDonald v. Head Criminal Ct. Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1988). Here, Garnes repeatedly failed to comply with Judge Cave's orders (specifically, to initiate arbitration), despite being afforded several months to comply, and Judge Cave repeatedly warned him of the consequences. As the Report concluded: "Mr. Garnes' continued and persistent failure to comply with the

3

Court's Orders and prosecute this case, including and especially over the last nine months since the Court compelled him to arbitrate, justifies dismissal for failure to prosecute." Report at 5. The Court agrees.

## CONCLUSION

For the foregoing reasons, the Court adopts the Report in full and dismisses this action for failure to prosecute pursuant to Rule 41(b). The Court respectfully directs the Clerk to mail a copy of this decision to plaintiff at the address on file.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: May 2, 2024
    New York, New York

4